Filed 3/10/23  P. v. Ramirez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT ANTONIO RAMIREZ,<br><br>    Defendant and Appellant. | B322960<br><br>(Los Angeles County Super. Ct. No. VA130983-02) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Robert Antonio Ramirez was originally convicted on two counts of attempted murder, two counts of aggravated assault and shooting at an inhabited dwelling with related firearm-use, criminal street gang and prior felony conviction enhancements and sentenced to an aggregate indeterminate state prison term of 37 years to life. Following reversal and remand (*People v. Ramirez* (Apr. 1, 2022, B265610) [nonpub. opn.]), the People elected not to retry the attempted murder charges or the criminal street gang enhancement allegations. The trial court then resentenced Ramirez to a determinate state prison term of 14 years.

On appeal Ramirez's appointed counsel has identified no arguable issues following her review of the record. We have independently reviewed the record and also find no arguable issues. The judgment is affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

As we explained in our April 2022 opinion, applying the law as it existed at the time of our decisions, in 2017 and again in 2019 we affirmed all five of Ramirez's convictions for attempted murder, aggravated assault and shooting at an inhabited dwelling, which had been based on the natural and probable consequences doctrine. After granting Ramirez's petition for review in December 2019, on January 5, 2022 the Supreme Court transferred the matter to us with directions to vacate our 2019 decision affirming the convictions and to reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551, § 2).

Following supplemental briefing we reversed Ramirez's convictions for attempted murder, as well as the criminal street gang enhancements imposed on all counts, based on Senate Bill No. 1437 (Stats. 2018, ch. 1015), which eliminated accomplice

2

liability for murder under the natural and probable consequences doctrine; Senate Bill No. 775, which expanded the reach of Senate Bill No. 1437 to include convictions for attempted murder and voluntary manslaughter and provided a defendant convicted under a now invalid theory of murder or attempted murder could seek relief on direct appeal; and Assembly Bill No. 333 (Stats. 2021, ch. 699, § 3), which increased the proof requirements for imposition of a criminal street gang enhancement, modifying the definitions of "criminal street gang" and "pattern of criminal gang activity" and clarifying the evidence needed to establish an offense benefits, promotes, furthers or assists a criminal street gang.

We again affirmed the convictions for assault with a firearm and shooting at an inhabited dwelling and remanded the case to provide the prosecution an opportunity to retry Ramirez on a legally viable theory of attempted murder and to retry the criminal street gang enhancements. We directed the trial court, if the People elected not to retry those matters, to resentence Ramirez in accordance with the terms of all applicable ameliorative legislation. We also instructed the trial court to use its discretion to consider whether to strike or dismiss the formerly mandatory firearm-use and prior felony convictions that had been imposed.

On remand the People elected not to retry the attempted murder charges or the criminal street gang enhancements. At the resentencing hearing on July 25, 2022, at which Ramirez appeared in custody, the court sentenced Ramirez to an aggregate determinate state prison term of 14 years: The middle term of five years for shooting at an inhabited dwelling, doubled

under the three strikes law, plus two consecutive two-year terms (one-third the middle term doubled) for aggravated assault.

Ramirez filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Ramirez in this appeal. After reviewing the record, counsel filed a brief raising no issues. In her declaration accompanying the brief, counsel stated she had been unable to locate Ramirez to notify him a no-merits brief was being filed and he had the right to file a supplemental brief identifying any contentions or issues he wanted the court to consider. As counsel explained, our December 6, 2022 appointment letter indicated Ramirez's location was "under investigation." Counsel thereafter learned that Ramirez had been released on parole on October 26, 2022, and that, as of late January 2023, neither Ramirez's parole officer nor his trial counsel had current contact information for him.

We have examined the record and are satisfied appellate counsel for Ramirez has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.


We concur:


SEGAL, J.          FEUER, J.


4